UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIND VYAS GOPAL,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHNSON, et al.,<br><br>  Defendants. | 2:25-cv-1372-DAD-CKD P<br><br><br>ORDER |

   Plaintiff Arvind Gopal, a state prisoner, proceeds without counsel under 42 U.S.C. § 1983 and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint fails to state a claim and must be dismissed. Plaintiff will have a chance to amend.

   **I.    In Forma Pauperis**

   Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to

plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Allegations in the Complaint

Plaintiff alleges Officer Johnson failed to prevent an assault by his cell mate on March 8, 2024, at Folsom State Prison. (ECF No. 1 at 1, 3.) Plaintiff had informed C/O Johnson on several occasions he was "not compatible" with his cellmate but C/O Johnson ignored plaintiff's "request" and "plea for help." (Id. at 3.)

## IV. Discussion

The allegations are too vague and insufficient to state a "failure-to-protect" Eighth Amendment violation claim. To do so, plaintiff must allege facts showing that (1) a prison official's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). Here, the facts alleged do not show deliberate indifference. Instead, plaintiff's allegations establish that C/O Johnson had no "more than a mere suspicion that an attack will occur[.]" Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). In order to be liable under the Eighth Amendment, a prison official must have known of and disregarded a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

////

### V. Leave to Amend

Plaintiff is granted leave to amend. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, if plaintiff does not wish to pursue this case further or cannot fix the problem identified in this order, then plaintiff may file a notice of voluntary dismissal.

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your complaint is being dismissed because the facts you alleged do not state a failure to protect claim. If you choose to file an amended complaint, include more facts showing how each defendant knew of and disregarded a substantial risk of serious harm to your safety.

### VII. Conclusion

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is GRANTED.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 10, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gopa1372.scrn